UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXURY AUTOS OF SMITHTOWN, INC. d/b/a AUDI OF SMITHTOWN and LUXURY AUTOS OF HUNTINGTON, INC., d/b/a AUDI OF HUNTINGTON,<br><br>Plaintiffs,<br><br>-against-<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA INC.,<br><br>Defendant. | Civil Action No.: 2:25-cv-06829-NJC-ARL<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Luxury Autos of Smithtown, Inc., d/b/a Audi of Smithtown ("Smithtown"), and Luxury Autos of Huntington, Inc., d/b/a Audi of Huntington ("Huntington" together with Smithtown, the "Dealerships" or "Plaintiffs"), by and through their attorneys ArentFox Schiff LLP, as and for their Complaint against Defendant Volkswagen Group of America, Inc., doing business as Audi of America Inc., ("Audi" or "Defendant") allege as follows:

## PRELIMINARY STATEMENT

1. The Dealerships bring this action pursuant to Sections 463(2)(g) and 469(1) of New York's Franchised Motor Vehicle Dealer Act. N.Y. Veh. & Traf. L. § 460 *et seq*., (the "Dealer Act"), for damages caused by Audi's unlawful margin discount programs tied to sales. Huntington also asserts claims against Audi under Dealer Act §§ 463(2)(g) for damages caused by Audi's margin discount program tied to unreasonable facility requirements.

2. Smithtown and Huntington are licensed "franchised motor vehicle dealer[s]" and Audi is a "franchisor" as defined in Dealer Act §§ 462(7) and (8), respectively.

1

3. Smithtown and Huntington each entered into a "franchise," as defined by § 462(6) of the Dealer Act, with Audi, which authorizes them to sell and service Audi motor vehicles from their respective facilities located in Suffolk County, New York.

4. Audi has implemented the Market Share Initiative program ("MSI"), which is a per-vehicle margin discount available if a customer resides in certain ZIP Codes.

5. MSI is not reasonably available to the Dealerships on a proportionally equal basis, thus violating Dealer Act § 463(2)(g).

6. Moreover, because MSI is not reasonably available to the Dealerships on a proportionally equal basis, Audi's Sales Bonus program margin discounts are also not reasonably available to the Dealerships on a proportionally equal basis. MSI thus renders the Sales Bonus Program unlawful under Dealer Act § 463(2)(g).

7. In addition, Audi has notified Huntington that it will withhold Business Fundamentals Bonus discounts unless Huntington agrees to undertake costly and unnecessary facility renovations. As explained below, this requirement renders the Business Fundamentals Bonus unlawful under Dealer Act § 463(2)(g).

8. As a remedy to Audi's unlawful conduct, Plaintiffs seek: (1) damages, in an amount to be determined at trial, for Audi's violations of Dealer Act § 463(2)(g) by its unlawful margin discount programs MSI and Sales Bonus; (2) Plaintiffs' attorney's fees and necessary costs and disbursements incurred in this action, as authorized by Dealer Act § 469(1); and (3) such other and further relief the Court deems proper.

9. Separately, Huntington seeks: (1) damages, in an amount to be determined at trial, for Audi's violation of Dealer Act § 463(2)(g) by its unlawful margin discount program Business Fundamentals Bonus; (2) attorney's fees and necessary costs and disbursements incurred in this

action, as authorized by Dealer Act § 469(1); and (3) such other and further relief the court deems proper.

## PARTIES

10. Smithtown is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 578 Middle Country Road, Saint James, New York 11780.

11. Huntington is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 363 Jericho Turnpike, Huntington Station, NY 11746.

12. Audi is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 1950 Opportunity Way, Suite 1500, Reston, VA 20190.

13. Smithtown and Huntington are each a "franchised motor vehicle dealer" as defined in § 462(7) of the Dealer Act.

14. Audi is a "franchisor" as defined in § 462(8) of the Dealer Act.

15. The Dealerships and Audi are each a party to a Dealer Sales and Service Agreement (the "Smithtown DSSA", and the "Huntington DSSA", collectively referred to as the "DSSAs") that authorize Dealerships to sell and service Audi line-make motor vehicles from facilities located in Suffolk County, New York. Each DSSA is part of a "franchise" as defined by § 462(6) of the Dealer Act.

16. Audi manufactures and distributes Audi line-make motor vehicles through its network of franchised dealers throughout the United States, including Smithtown and Huntington in Suffolk County, NY.

3

## JURISDICTION

17. This Court has jurisdiction over this matter as a removal of a pending action in the Suffolk County Supreme Court by Audi pursuant to 28 U.S.C. § 1441(a).

## THE DEALER ACT

18. The legislative purpose behind the Dealer Act is to "regulate motor vehicle manufacturers, distributors and factory or distributor representatives and to regulate dealers of motor vehicles… in order to prevent frauds, impositions and other abuses upon its citizens and to protect and preserve the investments and properties of the citizens of this state." Dealer Act § 460.

19. The Dealer Act proscribes certain conduct by franchisors as unlawful and as unfair business practices. The prohibitions of the Dealer Act govern "notwithstanding the terms of any franchise contract." Dealer Act § 463(2). In addition, the Dealer Act supplements, rather than supplants, any common law rights that motor vehicle dealers have as shown by the language of the Dealer Act and the unambiguous intent behind the Dealer Act.

20. Dealer Act § 463(2)(g) provides:

> It shall be unlawful for any franchisor… [t]o sell or offer to sell any new motor vehicle to any franchised motor vehicle dealer at a lower actual price therefor than the actual price offered to any other franchised motor vehicle dealer for the same model vehicle similarly equipped or to utilize any device including, but not limited to, sales promotion plans or programs which result in such lesser actual price…. This paragraph shall not be construed to prevent the offering of incentive programs or other discounts provided such incentives or discounts are reasonably available to all franchised motor vehicle dealers in this state on a proportionately equal basis.

21. Dealer Act § 469 creates a private right of action for damages and provides for the award of attorney's fees:

> A franchised motor vehicle dealer who is or may be aggrieved by a violation of this article shall be entitled to sue for, and have, injunctive relief and damages in any court of the state having jurisdiction over the parties. In any

4

such action or proceeding, the court may award necessary costs and disbursements plus a reasonable attorney's fee to any party.

## FACTUAL ALLEGATIONS

A.   **The Dealerships and their Assigned Territories**

22.   Smithtown and Huntington operate Audi dealerships in Suffolk County, New York.

23.   As Audi franchisees, both Smithtown and Huntington are assigned a Primary Area of Influence ("PAI").

24.   The PAI is a specific geographic territory assigned to each dealership based on territorial proximity to each dealership location, where the dealership is expected to market, promote, and sell new vehicles.

25.   Franchisors, like Audi, evaluate a dealership's sales performance by comparing a dealership's actual sales to the number of expected sales, which are calculated based on a percentage of the competitive industry registrations, by segment, in each dealership's PAI.

26.   Audi's calculation of sales performance is based on the fundamental premise that a dealer enjoys an advantage selling to the customers most proximate to its location.

27.   Audi has used customer proximity and convenience to justify the addition of new Audi dealerships in the Long Island market.

28.   For example, in *JJM Sunrise Automotive, LLC et al. v. Volkswagen Group of America, Inc. et al.* (Index No. 601658/2014, Nassau County Supreme Court), Audi executive Cody Thacker testified that "convenience matters to customers" and that they "are less likely to buy from a dealership that's far away. Mr. Thacker also testified that traffic "is a particular problem in the Long Island market" and that "there is a lot of congestion in Long Island." He further testified that "the roads are packed with cars" and that "it's extremely difficult to get between dealerships or to travel long distances in Long Island."

5

29. Audi's expert in that case, Sharif Farhat, provided similar sworn testimony. He testified that "consumers want brick and mortar, they want [dealerships] convenient to their home" and that "convenience matters." He also testified that "consumers want a dealership that's convenient to their purchase location."

30. As Audi's own expert and executive testified in *JJM Sunrise*, proximity to customers is a critical advantage for dealerships, particularly in the congested Long Island market.

**B.  Audi's Unlawful and Discriminatory Margin Discount Programs**

31. Audi has implemented two margin discount programs that are not reasonably available to the Dealerships on a proportionately equal basis as other Audi dealerships in New York, in violation of Dealer Act § 463(2)(g).

32. The first is MSI.

33. Under MSI, Audi dealers that sell to customers residing in certain ZIP Codes qualify for an additional $1,000 per vehicle margin discount (the "MSI Discount").

34. The MSI Discount is only available if the customer resides in specific ZIP Codes.

35. MSI discriminates against Smithtown and Huntington, which have PAIs that do not encompass (or only encompass a few) ZIP Codes that qualify for the MSI Discount.

36. The PAIs of MSI-advantaged dealers, however, have an abundance of more proximate customers residing in Zip codes that qualify for the MSI Discount.

37. This means that competing dealers with proximate MSI-qualifying Zip Codes have a disproportionate advantage in getting the MSI Discount than either Smithtown or Huntington.

38. MSI further impacts another margin discount program known as the "Sales Bonus" which renders it unlawful as well.

39. Under the Sales Bonus, Audi dealers can receive margin discounts calculated as a percentage of the MSRP of each new vehicle sold for meeting certain sales objectives.

6

40. Because MSI Discounts are disproportionately unavailable to Smithtown and Huntington, they operate under an effective price disadvantage, which negatively impacts their sales.

41. This, in turn, adversely affects Smithtown's and Huntington's ability to meet Sales Bonus objectives and earn further discounts under that program.

42. MSI and the Sales Bonus are unlawful under Dealer Act § 463(2)(g) because they are not reasonably available to Smithtown and Huntington on a proportionately equal basis to other Audi dealers in New York.

43. Smithtown and Huntington have lost discounts under MSI and the Sales Bonus and have lost sales, revenue, and profits due to operating under a discriminatory and unlawful price disadvantage.

C.  **Audi's Unlawful Business Fundamentals Bonus**

44. Audi has also implemented unreasonable facility requirements that are tied to another margin discount program called the Business Fundamentals Bonus, in violation of Dealer Act § 463(2)(g).

45. Nearly a decade ago, Huntington invested millions of dollars to construct a facility that conformed in all material respect to Audi's then-current brand image and facility specifications.

46. The project was completed under Audi's direction and with Audi's approval, and the facility has continued to meet Audi's operating, sales, service, and customer experience standards.

47. On April 4, 2025, Audi notified Huntington that it must undertake costly and substantial interior "image" renovations by December 31, 2025, if Huntington wants to remain

"compliant" with Audi's facility requirements and continue to receive the Business Fundamentals Bonus.

48. The Business Fundamentals Bonus is a margin discounted in the form of a payment calculated as a percentage of MSRP for each new vehicle sold. Audi dealerships like Huntington must meet the requirements of the Business Fundamentals Bonus program to receive the margin discount.

49. Specifically, Audi is requiring Huntington to implement Audi's ASC 3.0 requirements, which include costly renovations to the interior of the facility and purchasing new signs and furniture.

50. The proposed renovations would impose significant new capital expenditures, disrupt dealership operations, and are unwarranted given present economic conditions, market volatility and challenges facing the Audi brand.

51. Indeed, Audi's sales have collapsed over the past year, with Audi sales down 14% in 2024 and down an additional 8% through September of 2025.

52. Audi's internal predictions for 2026 forecast an even larger decrease: Audi is projecting approximately 144,000 in sales nationally, which would be its lowest sales since 2012.

53. Based on Audi's collapsing sales, there is no economic justification for Huntington to incur significant costs to renovate its facilities to comply with ASC 3.0.

54. If Huntington refuses to implement ASC 3.0, Audi will withhold Business Fundamentals Bonus discounts, which Huntington relies on to successfully operate its dealership.

55. Because Audi has tied Business Fundamentals Bonus money to facility compliance, these funds are not reasonably available to Huntington on a proportionally equal basis to other dealerships in New York. *See* Dealer Act § 463(2)(g).

56. Huntington has already spent millions of dollars to comply with Audi's facility and image requirements.

57. Audi's imposition of new facility requirements at the same time sales of Audi vehicles are collapsing, to qualify for the margin discounts of the Business Fundamentals Bonus, is economically unviable and renders the Business Fundamentals Bonus disproportionately unavailable to Huntington as compared to other Audi dealerships in New York.

## FIRST CAUSE OF ACTION
## VIOLATION OF DEALER ACT § 463(2)(g)
### (All Plaintiffs Against Defendant – MSI and Sales Bonus)

58. Plaintiffs restate the forgoing allegations as if set forth herein.

59. Defendant violated § 463(2)(g) of the Dealer Act by offering to sell, or selling, new motor vehicles of the same model to other New York State dealers at a lower price, by means of MSI and Sales Bonus, which are not reasonably available to Plaintiffs on a proportionately equal basis.

60. As a direct and proximate result of the foregoing, Plaintiffs have suffered damages in an amount to be determined at trial. Those damages include but are not limited to: a) automatic damages consisting of the MSI Discount and Sales Bonus Audi failed to pay on each of Plaintiffs' new vehicle sales; b) lost profits on sales lost due to Audi's unlawful price discrimination; and c) diminution in the market value of Plaintiffs caused by the foregoing.

61. Pursuant to Dealer Act § 469(1), Plaintiffs are entitled to costs and attorney's fees.

62. By reason of the foregoing, Plaintiffs are entitled to damages in an amount to be determined at trial, costs, attorney's fees, and such other relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## VIOLATION OF DEALER ACT § 463(2)(g)
### (Huntington Against Defendant – Business Fundamentals Bonus)

9

63. Plaintiffs restate the forgoing allegations as if set forth herein.

64. Defendant violated § 463(2)(g) of the Dealer Act by offering to sell, or selling, new motor vehicles of the same model to other New York State dealers at a lower price, by means of the Business Fundamentals Bonus, which is not reasonably available to Huntington on a proportionately equal basis compared to other dealers.

65. As a direct and proximate result of the foregoing, Huntington will suffer damages in an amount to be determined at trial, to the extent Audi withholds the Business Fundamentals Bonus. Those damages include but are not limited to: a) automatic damages consisting of the Business Fundamentals Bonus Audi fails to pay on each of Huntington's new vehicle sales; b) lost profits on sales lost due to Audi's unlawful price discrimination; and c) diminution in the market value of Huntington caused by the forgoing.

66. Pursuant to Dealer Act § 469(1), Huntington is entitled to costs and attorney's fees.

67. Because of the foregoing, Huntington is entitled to damages in an amount to be determined at trial, costs, attorney's fees, and such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand trial by jury on all matters so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand entry of judgment against Audi as follows:

A. On the First Cause of Action, damages authorized by Dealer Act § 469(1) in an amount to be determined at trial;

B. On the Second Cause of Action, damages authorized by Dealer Act § 469(1) in an amount to be determined at trial;

C. Attorney's fees and costs, as authorized by Dealer Act § 469(1);

D. Prejudgment interest, costs, and disbursements; and

E. Such other and further relief as the Court deems just and proper.

Dated: December 31, 2025       Respectfully submitted,
   New York, New York

              By: */s Russell P. McRory*
                Russell P. McRory, Esq.
                Charles A. Gallaer, Esq.
                Shayshari S. Potter, Esq.
                ArentFox Schiff LLP
                1301 Avenue of the Americas, Fl. 42
                New York, NY  10019
                Tel: 212.484.3900
                Fax: 212 484-3990
                russell.mcrory@afslaw.com
                charles.gallaer@afslaw.com
                shayshari.potter@afslaw.com

                *Attorneys for Plaintiffs Luxury Autos of Smithtown, Inc. d/b/a Audi of Smithtown and Luxury Autos of Huntington, Inc. d/b/a Audi of Huntington*