**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

LUXURY AUTOS OF SMITHTOWN, )
INC. d/b/a AUDI OF SMITHTOWN and )
LUXURY AUTOS OF HUNTINGTON, )    Civil Action No.  2:25-cv-06829-NJC-ARL
INC. d/b/a AUDI OF HUNTINGTON, )
)
Plaintiffs, )
)
-against- )    **ANSWER**
)
VOLKSWAGEN GROUP OF AMERICA, )
INC. d/b/a AUDI OF AMERICA INC., )
)
Defendant. )

Defendant Volkswagen Group of America, Inc. d/b/a Audi of America Inc. ("AoA"), by and through its undersigned counsel, hereby responds to and answers the Complaint filed by Luxury Autos of Smithtown, Inc. d/b/a Audi of Smithtown ("Audi of Smithtown") and Luxury Autos of Huntington, Inc. d/b/a Audi of Huntington ("Audi of Huntington" and together with Audi of Smithtown, "Plaintiffs").

**FOR A FIRST DEFENSE**

1.    AoA denies each and every allegation contained in the Complaint except as specifically admitted, qualified, or explained in this Answer.

**PRELIMINARY STATEMENT**

2.    Paragraph 1 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, AoA denies the allegations of Paragraph 1 of the Complaint, and denies that Plaintiffs are entitled to any of the relief sought therein.

3.    Paragraph 2 of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, AoA admits the allegations of Paragraph 2 of the Complaint.

4.      Responding to Paragraph 3 of the Complaint, AoA admits that Plaintiffs are contractually authorized to sell and service Audi motor vehicles from their respective facilities located in Suffolk County, New York. The remaining allegations of Paragraph 3 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, AoA denies the remaining allegations contained in Paragraph 3 of the Complaint.

5.      Responding to Paragraph 4 of the Complaint, AoA admits that it had a Market Share Initiative ("MSI") program that offered a per vehicle discount on sales to customers that resided in certain zip codes.

6.      AoA denies the allegations contained in Paragraphs 5 and 6 of the Complaint.

7.      Responding to Paragraph 7 of the Complaint, AoA admits that is has corresponded with Audi of Huntington regarding facility renovations. AoA denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Paragraphs 8 and 9 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, AoA denies the allegations of Paragraphs 8 and 9 of the Complaint, and denies that Plaintiffs are entitled to any of the relief sought therein

**PARTIES**

9.      AoA admits the allegations contained in Paragraphs 10 and 11 on information and belief.

10.     AoA admits the allegations contained in Paragraph 12 of the Complaint.

11.     Paragraphs 13 and 14 contain legal conclusions that do not require a response. To the extent a response is required, AoA admits the allegations contained in Paragraphs 13 and 14 of the Complaint.

12.     Responding to Paragraph 15 of the Complaint, AoA admits that it and Plaintiffs are each a party to a Dealer Sales and Service Agreement authorizing Plaintiffs to sell and service new Audi motor vehicles from their respective facilities in Suffolk County, New York. The remaining allegations of Paragraph 15 contain legal conclusions that do not require a response. To the extent a response is required, AoA admits the remaining allegations of Paragraph 15.

13.     Responding to Paragraph 16 of the Complaint, AoA admits that it distributes new Audi vehicles through its network of franchised dealers throughout the United States, including Plaintiffs. AoA denies the remaining allegations contained in Paragraph 16 of the Complaint.

## JURISDICTION

14.     AoA admits the allegations contained in Paragraph 17 of the Complaint.

## THE DEALER ACT

15.     Paragraphs 18, 19, 20, and 21 contain legal conclusions that do not require a response. To the extent a response is required, AoA refers Plaintiff to the New York Vehicle & Traffic Law, which speaks for itself, and denies the allegations of Paragraphs 18, 19, 20, and 21 of the Complaint to the extent they are inconsistent with the Vehicle & Traffic Law.

## FACTUAL ALLEGATIONS

16.     AoA admits the allegations contained in Paragraph 22 on information and belief.

17.     Responding to Paragraphs 23 and 24, AoA admits that Audi dealers are assigned a Primary Area of Influence ("PAI"), which is a specific geographic territory assigned based on proximity to the dealership. AoA further admits that dealers are expected to market, promote, and sell new vehicles in their PAI. AoA denies the remaining allegations contained in Paragraphs 23 and 24 of the Complaint.

18.     Responding to Paragraph 25 of the Complaint, AoA admits that it evaluates a dealer's sales performance by comparing the dealer's actual sales to the number of expected sales, among other evaluation criteria. AoA further admits that a dealer's expected sales are calculated based on a percentage of the competitive industry registrations, by segment, in each dealership's PAI. AoA denies the remaining allegations contained in Paragraph 25 of the Complaint.

19.     Responding to Paragraph 26 of the Complaint, AoA admits that dealers enjoy some advantage in selling to the customer most proximate to its location. AoA denies the remaining allegations contained in Paragraph 26 of the Complaint.

20.     Responding to Paragraph 27 of the Complaint, AoA admits that it has considered factors such as customer proximity and convenience to add new Audi dealerships in the Long Island market, among other factors. AoA denies the remaining allegations contained in Paragraph 27 of the Complaint.

21.     Responding to Paragraphs 28, 29, and 30 of the Complaint, AoA refers Plaintiff to the court records in *JJM Sunrise Automotive, LLC et al. v. Volkswagen Group of America, Inc. et al.* (Index No. 601658/2014, Nassau County Supreme Court), which speaks for itself, and denies the allegations of Paragraph 28. 29, and 30 to the extent they are inconsistent with those court records.

22.     AoA denies the allegations contained in Paragraph 31 of the Complaint.

23.     Responding to Paragraph 32 of the Complaint, AoA admits that it had implemented the MSI Program. AoA denies the remaining allegations contained in Paragraph 32 of the Complaint.

24.     AoA admits the allegations contained in Paragraphs 33 and 34 of the Complaint.

25.    AoA denies the allegations contained in Paragraphs 35, 36, 37, 38, and 39 of the Complaint.

26.    AoA denies the allegations contained in Paragraphs 40, 41, 42, 43, and 44 of the Complaint.

27.    Responding to Paragraph 45 of the Complaint, AoA admits that Audi of Huntington constructed a compliant facility over ten years ago. AoA denies the remaining allegations contained in Paragraph 45 of the Complaint.

28.    Responding to Paragraph 46 of the Complaint, AoA admits that Audi of Huntington's facility construction was completed under AoA's approval and that it met AoA's standards at the time it was constructed. AoA denies the remaining allegations contained in Paragraph 46 of the Complaint.

29.    Responding to Paragraph 47 of the Complaint, AoA admits that it corresponded with Audi of Huntington regarding interior facility renovations on April 4, 2025. AoA denies the remaining allegations contained in Paragraph 47 of the Complaint.

30.    Responding to Paragraph 48 of the Complaint, AoA admits that the Business Fundamentals Bonus is a margin discounted in the form of payment calculated as a percentage of MSRP for each new vehicle sold. AoA denies the remaining allegations contained in Paragraph 48 of the Complaint.

31.    Responding to Paragraph 49 of the Complaint, AoA admits that it has notified Audi of Huntington that it will be required to implement Audi's ASC 3.0 requirements, which include renovations to the interior of the facility and purchase of new signs and furniture. AoA denies the remaining allegations contained in Paragraph 49 of the Complaint.

32.    AoA denies the allegations contained in Paragraph 50 of the Complaint.

33.     Responding to Paragraph 51 of the Complaint, AoA admits that its sales declined 14% in 2024 and declined an additional 8% through September 2025. AoA denies the remaining allegations contained in Paragraph 51 of the Complaint.

34.     Responding to Paragraph 52 of the Complaint, AoA admits that its internal predictions for 2026 project approximately 144,000 sales nationally. AoA denies the remaining allegations contained in Paragraph 52 of the Complaint.

35.     AoA denies the allegations contained in Paragraph 53 of the Complaint.

36.     Responding to Paragraph 54 of the Complaint, AoA admits that Audi of Huntington's refusal to implement ASC 3.0 may affect its Business Fundamentals Bonus discounts at some point in the future. AoA denies the remaining allegations contained in Paragraph 54 of the Complaint.

37.     AoA denies the allegations contained in Paragraph 55 of the Complaint.

38.     Responding to Paragraph 56 of the Complaint, AoA is without sufficient knowledge to admit or deny the allegations contained in Paragraph 56 and, therefore, denies the same.

39.     AoA denies the allegations contained in Paragraph 57 of the Complaint.

**FIRST CAUSE OF ACTION**
**VIOLATION OF DEALER ACT § 463(2)(g)**
**(All Plaintiffs Against Defendant – MSI and Sales Bonus)**

40.     Responding to Paragraph 58 of the Complaint, AoA restates its responses and denials to the preceding Paragraphs of the Complaint as if fully set forth herein.

41.     AoA denies the allegations contained in Paragraphs 59, 60, 61, and 62 of the Complaint, and denies that Plaintiffs are entitled to any of the relief sought therein.

## SECOND CAUSE OF ACTION
## VIOLATION OF DEALER ACT § 463(2)(g)
### (Huntington Against Defendant – Business Fundamentals Bonus)

42.     Responding to Paragraph 63 of the Complaint, AoA restates its responses and denials to the preceding Paragraphs of the Complaint as if fully set forth herein.

43.     AoA denies the allegations contained in Paragraphs 64, 65, 66, and 67 of the Complaint, and denies that Audi of Huntington is entity to any of the relief sought therein.

## JURY TRIAL DEMANDED

44.     AoA states that no response is required to Plaintiffs' Jury Trial Demand.

## PRAYER FOR RELIEF

45.     AoA denies that Plaintiffs are entitled to any of the relief sought in the PRAYER FOR RELIEF following Paragraph 67 of the Complaint.

## AFFIRMATIVE DEFENSES

## FOR A FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred in whole or in part based on the failure to state a claim against AoA upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, may be barred, in whole or in part, by Plaintiffs' failures to mitigate damages.

## FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, consent, laches, and unclean hands.

## **FOR A FOURTH AFFIRMATIVE DEFENSE**

VWoA reserves the right to assert, and expressly does not waive, any additional or further

defenses as may be revealed by information that may be acquired in discovery or otherwise.

**WHEREFORE**, VWoA requests that Plaintiffs' Complaint be dismissed with prejudice,

and that VWoA be awarded its attorneys' fees, costs, and any other and further relief the Court

deems just and proper.

Dated: New York, New York  NELSON MULLINS RILEY & SCARBOROUGH LLP
   February 11, 2026   By: */s/ Ashley B. Summer*
            Ashley B. Summer
            Federal Bar No. 9560
            E-Mail: ashley.summer@nelsonmullins.com
            330 Madison Ave., 27th Floor
            New York, New York 10017
            (212) 413-9036

            Paul T. Collins (*Pro Hac Vice* Forthcoming)
            Federal Bar No. 9055
            E-Mail: paul.collins@nelsonmullins.com
            Kendall Eoute Topper (*Pro Hac Vice* Forthcoming)
            Federal Bar No. 13566
            E-Mail: kendall.topper@nelsonmullins.com
            1320 Main Street / 17th Floor
            Post Office Box 11070 (29211-1070)
            Columbia, SC  29201
            Telephone: (803) 799-2000

            *Counsel for Defendant Volkswagen Group of America, Inc.*
            *d/b/a Audi of America Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed using the CM/ECF System and that a true and correct copy of the foregoing was sent via electronic mail to the following, this 11th day of February, 2026:

Russell P. McRory
Russell.mcrory@afslaw.com

Charles Gallaer
Charles.gallaer@afslaw.com

*Attorneys for Plaintiff*

By: */s/ Ashley B. Summer*
*Counsel for Defendant Volkswagen*
*Group of America, Inc. d/b/a Audi of*
*America Inc.*